IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALBER VERGARA,

    Petitioner,

v.

WARDEN G. SWANEY,

    Respondent.

CIVIL ACTION NO.: 2:24-cv-145

**O R D E R**

    Petitioner Alber Vergara ("Vergara") filed his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  The Clerk of Court provided Vergara with a deficiency notice, as he had not moved to proceed *in forma pauperis* or paid the requisite $5.00 filing fee, and directed Vergara to respond within 21 days of that notice.  Doc. 2.  After the deadline had passed and Vergara had not complied with the deficiency notice, I issued a Report recommending Vergara's Petition be dismissed without prejudice because he did not follow a Court directive.  Doc. 3.  Vergara has now paid the requisite filing fee.  Dkt. entry dated Feb. 5, 2025.  Thus, I **VACATE** the January 21, 2025 Report and Recommendation, which, in turn, moots Vergara's Objections.  Docs. 3, 4.

    The Court directs the United States Marshal to serve a copy of the Petition, doc. 1, and a copy of this Order by registered or certified mail upon: (1) the Attorney General of the United States; (2) the named Respondent; and (3) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia.  See Fed. R. Civ. P. 4(i).

The Court orders Respondent to show cause, in writing, why Vergara's writ should not be granted by filing an Answer within **21 days** of service of the Petition.  See Rule 5 of the Rules Governing Section 2254 Petitions.[1]  **If Respondent seeks dismissal or denial of the Petition, Respondent should file, in lieu of an answer, a motion to dismiss or deny the Petition**.  Grounds for a motion to dismiss include, but are not limited to: failure to exhaust available remedies, untimeliness, failure to state a cognizable claim, procedural default, second or successive petition bar, absence of custody at the time the petition was filed, mootness, ripeness, failure to name the proper respondent, and failure to follow this Court's Local Rules.  Respondent must attach complete copies of all files and records cited in support of a motion to dismiss as exhibits to the motion to dismiss.  If Respondent moves to dismiss and the motion is denied, Respondent must file an answer which complies with Rule 5 within 21 days of denial of the motion to dismiss.  The Court **DIRECTS** the Clerk of Court to serve a courtesy copy of this Order on the United States Attorney for the Southern District of Georgia.

Vergara is cautioned, while this action is pending, he shall immediately inform this Court in writing of any change of address.  Failure to do so will result in dismissal of this case.

**SO ORDERED**, this 6th day of February, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Rules Governing Section 2254 Cases may also apply to habeas actions brought under Section 2241.  Rule 1(b) of the Rules Governing Section 2254 Cases.

2